UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **AMANDA MUSTARD**, <br><br> Plaintiff, <br><br> vs. <br><br> **INFOWARS, LLC**, <br><br> Defendant. | No. 1:20-cv-00485-RP <br><br><br> **MOTION TO REQUIRE POSTING OF BOND OR OTHER SECURITY** |

Pursuant to this Court's inherent authority, Defendant Infowars, LLC, requests this Honorable Court require Plaintiff Amanda Mustard post a bond in the amount of $20,000, as a condition of prosecuting her claim further. It is most likely that the case will result in a loss for Ms. Mustard, as she has clearly sued the wrong party and has refused to relent. Whether she will be able to satisfy an adverse judgment and award of costs and/or fees is unknown, but fees are mounting despite Defendant's attempts to end this case reasonably and efficiently.

This is not a terribly unusual request. Plaintiff's counsel has filed many of these cases and has received some criticism for them. There is no desire to engage in some of the vituperative name-calling that the undersigned has seen thrown at Mr. Liebowitz. Nevertheless, given some recent rulings, it seems at least reasonable to protect the Defendant's interests with a bond.

This requirement was imposed on another client of Plaintiff's counsel, Richard Liebowitz, in the matter of *Wilson v. D'Apostrophe Design Inc.,* No. 20-CV-0003 (LAK) (KHP), 2020 U.S. Dist. LEXIS 151105 (S.D.N.Y. Aug. 20, 2020). Very similar circumstances are present in this case—Plaintiff has rejected a Rule 68 offer in the amount of *three times* her licensing fee. The bond is necessary to secure the ultimate payment of attorneys' fees and costs

**1.0    Plaintiff's Claim is Worth $750 in Actual Damages at Best**

On May 5, 2020, Plaintiff filed a complaint for copyright infringement against Defendant for the alleged infringement on November 9, 2019, of a photograph of a crowd. *See generally,* Dkt. Nos. 1 at ¶ 10 & 1-2. Plaintiff alleges the copyright was registered under Registration No. VA0002190917.

Dkt. No. 1 at ¶ 9. According to the copyright registration, the photograph was published on January 1, 2015, but not registered until February 13, 2020.

To receive statutory damages or attorneys' fees in a copyright case, a plaintiff must either have registered her work prior to the commencement of infringement or must have applied for registration within three months after the first publication of her work. *See* 17 U.S.C. § 412;[1] *see also Leader's Inst., LLC v. Jackson*, No. 3:14-CV-3572-B, 2017 U.S. Dist. LEXIS 193555, at *36 (N.D. Tex. Nov. 22, 2017). The application date is the effective registration date. 17 U.S.C. § 410(d). The February 13, 2020 registration date is more than five years after publication, *i.e.* beyond three months, and it is after the date of the alleged infringement.

As a result, Plaintiff's damages are limited to actual damages and profits. 17 U.S.C. § 504(b). There are no alleged profits; the photograph appears on a news webpage. There are no allegations that photograph's appearance on the webpage led to the sale of any products advertised on that page. "When an infringer's profits are only remotely and speculatively attributable to the infringement, courts will deny recovery to the copyright owner." 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.03[B][2] at 14-45. As has been elsewhere observed in this Circuit, "[s]everal cases deny recovery of the defendant's profits based on revenues from selling products that were advertised through the unauthorized use of copyrighted materials." *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 646 (S.D. Tex. 2007). Thus, Plaintiff will only be able to recover actual damages, if anything.

Actual damages in this case are, at best, $750. "[A]ctual damages may be taken to be a reasonable license fee, that is, the fair market value of a license authorizing the defendant's use of the copyrighted work." *Leland Med. Ctrs. v. Weiss*, No. 4:07cv67, 2007 U.S. Dist. LEXIS 76095, at *19 (E.D. Tex. Sep. 27, 2007). The license fee Plaintiff charges in the event of infringement **of that very photograph** is $750. *See* **Exhibit 1**.

---

[1] "No award of statutory damages or of attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2).

On July 8, 2020, Plaintiff settled a claim of infringement for the alleged use of the same photo at issue here in the same article that appears at Dkt. No. 1-2, just on a different website.  *See* **Exhibits 2** and **3**.  Plaintiff's agent asserted that the license fee for that photograph was $750.  *See* **Exhibit 4.**  The alleged infringer paid that amount and was granted a license by Plaintiff.  *See* **Exhibit 1**.  Thus, on August 6, 2020, Defendant served Plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $2,250, three times the license fee of $750.  *See* **Exhibit 5**.  The fourteen day period to accept the offer expired on August 20, 2020, without acceptance by Plaintiff.

**2.0     A Bond is Appropriate**

The defendant in the *Wilson* case sought the imposition of a bond pursuant to a local rule of that court, but such is also available under this Court's inherent power.  A federal court has "the inherent power to … manage its proceedings."  *Gilbert v. Cates*, No. 19-9537-WBV-KWR, 2020 U.S. Dist. LEXIS 47482, at *3 (E.D. La. Mar. 19, 2020) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).  "This power also exists for Courts to ensure that the abuses of the judicial system are not repeated."  *Id.* at * 4.  The inherent power permits a court to require a party to "post a bond securing the performance of their obligations[.]"  *FG Hemisphere Assocs. LLC v. Republique Du Congo*, No. H-02-4261, 2006 U.S. Dist. LEXIS 23533, at *4 (S.D. Tex. Apr. 5, 2006).  There are two significant factors in copyright cases governing whether a bond should be required:  "the legal costs to be expected" and "the party at issue's compliance with past court orders."  *Wilson,* 2020 U.S. Dist. LEXIS 151105, at *4.  Both favor the bond requirement.

As to legal costs, as noted above, at best Plaintiff would recover actual damages of $750, which have already been offered,[2] and then subsequently *tripled*.  But, this is not even likely.  Notwithstanding the similarity of the names, Infowars, LLC, does not operate the Infowars.com website on which the infringement allegedly occurred; a different entity, Free Speech Systems, LLC, does.  *See* **Exhibit 6.** Further, as indicated on the webpage at issue itself, the content was posted by a third party, and thus Defendant (and Free Speech Systems) has immunity from liability under the DMCA.  Under 17 U.S.C.

---

[2]     On July 21, 2020, Defendant had made a Rule 68 offer in the amount of $750.  *See* **Exhibit 9**.

RANDAZZA | LEGAL GROUP

§ 512(c), "if a user directs the storage of copyrighted material on a service provider's system, the ISP has no liability if (1) the provider lacks knowledge of the infringement, (2) does not receive direct financial benefits from the storage, (3) 'acts expeditiously to remove, or disable access to,' the infringing material once learning of it, and (4) 'has designated an agent to receive notifications of claimed infringement[.]'" *Bwp Media United States v. T & S Software Assocs.*, 852 F.3d 436, 442-43 (5th Cir. 2017) (quoting Section 512(c)). The Infowars.com website provides information as to its registered DMCA Agent. *See* **Exhibits 7** and **8**. Thus, Defendant will most likely be a "prevailing party" entitled to its attorneys' fees under 17 U.S.C. § 505.³

In the *Wilson* case noted above, the plaintiff was required to post a bond in the amount of $20,000, to continue to prosecute his claim. In that case, as here, Attorney Liebowitz, for his client, failed to accept a Rule 68 offer in the amount of the plaintiff's own pre-set license amount, and then even rejected one that tripled it, offered simply to put an end to this waste of resources. 2020 U.S. Dist. LEXIS 151105, at *6. As in *Wilson,* the image was used solely for editorial purposes. *Id.* As a result, there is a significant likelihood, whether as a prevailing defendant or under Rule 68, that Infowars, LLC, will be entitled to recover its attorneys' fees in this matter.

As to compliance with past orders, the *Wilson* court looked at Plaintiff's counsel, not merely the plaintiff. While the case should rarely, if ever, be about the attorney and not the party, Mr. Liebowitz' business model of filing hundreds of copyright lawsuits over de minimis infringement, and leaving very little in the win for his client, is important for context.

"Mr. Liebowitz's record speaks for itself and indicates to this Court that imposition of the bond requested by Defendant is the prudent and proper course." 2020 U.S. Dist. LEXIS 151105, at *9. Similarly, the inherent power also permits a court to require the posting of a bond "in response to abusive litigation practices." *In re Bank of La./Kenwin Shops, Inc.*, 1998 U.S. Dist. LEXIS 18177, at

---

³  In *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997), the Eleventh Circuit held that Rule 68 acts to shift fees, even if a defendant loses but the plaintiff does not beat the Rule 68 offer. The Fifth Circuit has, in dicta, disapproved of this analysis. *See Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 279-80 (5th Cir. 2020). However, given the particular posture of that case, the question does remain open, albeit the Defendant must admit that it would be an uphill climb in this Circuit.

*5 (E.D. La. Nov. 12, 1998).  Though Ms. Mustard is not known to have engaged in abusive practices beyond rejecting a Rule 68 offer for three times her plausible damages, her counsel has.  Mr. Liebowitz's history is partly summarized in the Notice of Order he filed at Dkt. No. 14 in this case reporting the decision in *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 U.S. Dist. LEXIS 112368 (S.D.N.Y. June 26, 2020).  *See also, Adlife Mktg. & Communs. Co. v. Buckingham Bros., LLC,* No. 5:19-CV-0796 (LEK/CFH), 2020 U.S. Dist. LEXIS 148755, at *22-27 (N.D.N.Y. Aug. 18, 2020) (summarizing discipline and referring for disbarment).  And, Defendant is concerned that this litigation will be protracted artificially to increase settlement prospects, as Mr. Liebowitz cannot recover attorneys' fees, so his remaining interest is his standard **50% contingency fee**.  *See Rodriguez v. Whole World Water, LLC,* Case No. 1:20-cv-03821, Dkt. No. 16-4 (S.D. N.Y. exhibit filed Aug. 18, 2020) and *Chosen Figure, LLC v. Smiley Miley, Inc.,* Case No. 1:20-cv-04831, Dkt. No. 20-1 (S.D.N.Y. exhibit filed Aug. 16, 2020).  Additionally, one court is presently considering allegations by a client of Mr. Liebowitz that litigation was filed without his consent.  *See Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713 (S.D. Ill. Jul. 14, 2020).  To be sure, Defendant is not alleging that Mr. Liebowitz has engaged in any improprieties in this case.  Other than rejecting a generous offer of triple any possible recovery, he has comported himself reasonably and professionally.  Nonetheless, as in *Wilson*, a bond is appropriate to ensure that the Defendant has the hope of recovering even part of its fees and costs.

The *Wilson* court required the posting of a $20,000 bond, subject to increase as costs accrue, reduced from the Defendant's request of $50,000.  2020 U.S. Dist. LEXIS 151105, at *11.  Defendant Infowars believes this amount to be reasonable.

Counsel for Defendant attempted, on August 26, 2020, to confer with counsel for Plaintiff in a good-faith attempt to resolve the matter by agreement, but no agreement could be made as counsel for Plaintiff was unavailable to confer.  Additionally, counsel for Defendant waited a day for Plaintiff's counsel to return the call, to which he declined to do so.

RANDAZZA | LEGAL GROUP

WHEREFORE, Defendant respectfully requests this Court require Plaintiff to post a bond with the Clerk of Court in the amount of $20,000 as a condition to continue prosecuting this matter.

Dated: August 27, 2020.    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Ronald D. Green (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701

Attorneys for Defendant
Infowars, LLC

- 6 -
Motion to Require Posting of Bond or Other Security
1:20-cv-00485-RP

Civil Action No.: 1:20-cv-00485-RP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 27th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

                                        Respectfully Submitted,

                                        /s/Marc J. Randazza
                                        Marc J. Randazza

RANDAZZA | LEGAL GROUP