# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA MUSTARD, | § | |
| | § | |
| VS. | § | NO. A-20-CV-0485-RP |
| | § | |
| INFOWARS, LLC. | § | |

## ORDER

Before the Court are Defendant's Motion to Compel Mediation (Dkt. No. 24); Supplement to Motion to Compel Mediation (Dkt. No. 25); Response in Opposition (Dkt. No. 26); and Reply (Dkt. No. 27). The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

This is a copyright infringement case in which Plaintiff Amanda Mustard alleges that Infowars, LLC, violated her intellectual property rights when it used her photograph it on its website without permission. Infowars asserts Mustard has failed to prosecute the case, and has ignored various offers of settlement it has made, which it claims were far in excess of the cost of a license for the photograph. It offers evidence of other times when Mustard licensed the photograph for much less than the amount it has offered to settle the case. Dkt. Nos. 24-1 and 24-2. Infowars suspects Mustard's counsel is not forwarding these settlement offers to her, especially in light of the fact that when Infowars suggested a teleconference mediation, counsel for Mustard at first agreed to do so, but only telephonically, which Infowars viewed as unsatisfactory, because it could not be certain that the individual on the phone would actually be Mustard. Dkt. No. 24-3. Infowars thus requests the Court to order the parties to mediate the case and in person here in Austin, in front of a mutually agreed upon mediator, all as permitted by Local Rule CV-88.

Mustard responds that Infowars' unilateral request for an in-person mediation within the next 30 days is not appropriate. Mustard argues that she should be accorded the opportunity to complete fact discovery in order to assess the strengths and weaknesses of her case before being compelled to participate in a forced mediation and that mediation would not be constructive at this point in the case. Additionally, Mustard opposes any mediation that would take place in person, in light of the pandemic and the risks of traveling or being confined in a room. Mustard thus requests that if the Court does order mediation it be conducted telephonically or via video. Infowars replies that further discovery will be of no value. It notes that Mustard declined a Rule 68 offer of judgment that offered ten times the normal cost of licensing one of Mustard's photographs. Dkt. No. 27. It repeats its suspicion that Mustard's attorney is not making her aware of these offers, and further suspects that he has not explained to Mustard the realistic value of her case, including the consequences of being on the wrong side of a Rule 68 offer of judgment.

District courts are authorized to adopt a local rule regarding the use of ADR procedures in all civil cases. 28 U.S.C. § 651(b). Moreover, district courts "shall, by [adopting a] local rule . . . require that litigants in all civil cases consider the use of an [ADR] process at an appropriate stage in the litigation." *Id.* § 652(a) (emphasis added). The Court's local rules provide that "[t]he court may refer a case to ADR on the motion of a party, on the agreement of the parties, or on its own motion. . . ." Local Rule CV-88(c). If a case is referred to ADR, a party has the right to object and "may obtain relief from an order upon a showing of good cause." *Id.* at 88(g); *Andre v. Allstate Texas Lloyd's*, 2016 WL 9414129, at *3 (W.D. Tex. Oct. 14, 2016). But, as Judge Yeakel has noted in a very similar case, under the applicable statute a party "is required to consider use of an alternative dispute resolution procedure, but is not obliged to consent to one." Dkt. No. 24, *Farrington v. Infowars, LLC*, No. 1:20-cv-332 LY (Oct. 22, 2020) at 2.

In declining to compel mediation in the *Farrington* case, Judge Yeakel noted that the "role of the court is not to offer an opinion on the reasonableness of settlement offers or to practice law on behalf of the attorneys." *Id.* The undersigned would go one step further and add that the role of the court is not to force parties to forego their right to a trial and settle a case. Mr. Liebowtiz is plainly aware that he can resolve a case through settlement, and is capable of doing so without the Court's involvement. The Court will therefore deny Infowars' motion.

Nothing in the above, however, should be taken as the Court approving of any of the actions Infowars suggests Mr. Liebowtiz may have taken in this case. If in fact Mr. Liebowtiz has failed to inform his client of settlement offers, or of Infowars' Rule 68 offer of judgment, he has exposed himself to potential discipline by this Court, as well as by the state bar of the state in which he is licensed to practice, not to mention having exposed his client to liability for Infowars' fees or costs as provided by Rule 68. The Court takes the ethical obligations of the attorneys who appear before it very seriously, and will—at the appropriate juncture—address any such issues that are brought to its attention.

But for the reasons set forth above, Infowars' Motion to Compel Mediation (Dkt. No. 24) is **DENIED.**

SIGNED this 27th day of October, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE